UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff/Respondent,<br><br>　　v.<br><br>JUAN JOSE NUNEZ,<br><br>　　　　Defendant/Petitioner. | CASE NO. CR-11-2131-EFS<br><br>**ORDER DENYING MR. NUNEZ'S MOTION PURSUANT TO 28 U.S.C. § 2255, AND CLOSING FILE** |

　　　Before the Court are Petitioner Juan Jose Nunez's Motion to Vacate, Set Aside, or Correct a Sentence Pursuant to 28 U.S.C. § 2255, ECF No. 106, and Motion Requesting Order for Appointment of Representation Pursuant to 18 U.S.C. § 3006(a)(2)(b), ECF No. 107. Mr. Nunez asks the Court to set aside his sentence because 1) the Supreme Court's *Alleyne v. United States*, 133 S. Ct. 2151 (2013), decision created a new rule of law that should be applied retroactively to his case, 2) when *Alleyne* is applied retroactively to the facts of his case, his Sixth Amendment rights were violated given that he was sentenced under a mandatory sentencing system, and 3) his counsel failed to sufficiently advise him of his right to have a jury find the facts supporting the imposition of the five-year mandatory minimum sentence. After reviewing the record and relevant authority, the Court is fully informed. For the reasons set forth below, the

ORDER - 1

Court denies the § 2255 motion and denies as moot the motion for appointment of counsel.

**A.    Background**

On December 13, 2011, an Indictment was filed, charging Mr. Nunez with six counts: 1-3) Possession of a Firearm in Furtherance of Drug Trafficking Crime, 18 U.S.C. § 924(c)(1)(A); 4-5) Distribution of a Controlled Substance, 21 U.S.C. § 841(a)(1); and 6) Possession of a Controlled Substance with Intent to Distribute, 21 U.S.C. § 941(a)(1). ECF No. 1.  Counsel was appointed to represent Mr. Nunez.  ECF No. 13. On September 14, 2012, a Superseding Indictment was filed, charging Mr. Nunez with violating the same statutes.

On April 11, 2012, Mr. Nunez entered a guilty plea to Counts 3 and 4 of the Superseding Indictment pursuant to a written plea agreement. ECF No. 79.  Plea Agreement paragraph 1, which is labeled, "Guilty Plea and Maximum Statutory Penalties," states in pertinent part,

> The Defendant agrees to plead guilty to Counts 3 and 4 of the Superseding Indictment filed on February 14, 2012, charging the Defendant with Count 3, Possession of a Firearm in Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c)(1)(A); and Count 4, Distribution of a Controlled Substance, in violation of 21 U.S.C. § 841(a)(1).
> As to Count 3, the Defendant understands that the maximum statutory penalty for Possession of a Firearm in Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c)(1)(A), is a term of imprisonment of not less than 5 years and no more than life; a fine of $250,000; or both; a term of supervised release of not more than 5 years; and a $100 special penalty assessment.
> As to Count 4, the Defendant understands that the maximum statutory penalty for Distribution of a Controlled Substance, in violation of 21 U.S.C. § 841(a)(1), is no more than 20 years imprisonment; a fine of $1,000,000; or

>both; a term of supervised release of at least 3 years; and a $100 special penalty assessment.

ECF No. 79. The parties' Plea Agreement was pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), and it permitted, at the time of sentencing, the United States to recommend a sentence of 111-months imprisonment and Mr. Nunez to recommend a sentence of 96-months imprisonment. *Id.* In exchange for Mr. Nunez's guilty plea to Counts 3 and 4, the United States agreed to move to dismiss the remaining counts in the Superseding Indictment. *Id.* ¶ 8(a).

At the July 11, 2012 sentencing, the Court accepted the parties' binding Rule 11(c)(1)(C) Plea Agreement, sentenced Mr. Nunez to the 96-months imprisonment requested by his counsel on Counts 3 and 4, and dismissed the remaining counts. ECF Nos. 98 & 102. No appeal was filed in this matter. On October 21, 2013, Mr. Nunez filed his instant § 2255 motion and motion for appointment of counsel. ECF Nos. 106 & 107.

**B.    Standard**

A § 2255 motion may seek relief on the grounds that 1) the judgment was rendered without jurisdiction, 2) the imposed sentence was not authorized by law, or 3) the judgment is vulnerable to collateral attack because the petitioner's constitutional rights were denied or infringed. 28 U.S.C. § 2255(a) & (b). Unless the § 2255 motion and record conclusively show that Mr. Nunez is not entitled to § 2255 relief, the Court is to serve the § 2255 motion on the U.S. Attorney's Office. *Id.; see United States v. Withers*, 638 F.3d 1055, 1062-63 (9th Cir. 2011) ("[A] district court may summarily dismiss a §

ORDER - 3

2255 motion only if the allegations in the motion, when viewed against the record, do not give rise to a claim for relief or are palpably incredible or patently frivolous.").

**C.   Analysis**

Each of Mr. Nunez's § 2255 arguments rely on the Supreme Court's *Alleyne* decision to argue that he was unconstitutionally sentenced to a mandatory minimum sentence. 133 S. Ct. 2151. In *Alleyne*, the Supreme Court extended the rule that "[a]ny fact that by law, increases the penalty for a crime is an 'element that must be submitted to the jury and found beyond a reasonable doubt" to mandatory minimum sentences. 133 S. Ct. at 2155. Accordingly, "any fact that increases the mandatory minimum is an 'element' that must be submitted to the jury." *Id.*

Here, Count 4 did not have a mandatory minimum sentence. Accordingly, the constitutional principles discussed in *Alleyne* regarding mandatory minimum sentences do not apply to Count 4.

Count 3 was subject to a mandatory minimum sentence of five years. Therefore, the Court applies Mr. Nunez's *Alleyne*-based arguments to Count 3. Mr. Nunez claims that "nowhere in the indictment is the specific relevant statutory section of 18 U.S.C. § 924(c)(1)(a), which activates the mandatory minimum five-year sentence." ECF No. 106 at 7 and 8. Mr. Nunez claims therefore that he was inadequately warned of the consequences of pleading guilty to Count 3. *Id*.

The Court finds the record conclusively proves otherwise. The Superseding Indictment's caption and Count 3's language clearly

ORDER - 4

reference 18 U.S.C. § 924(c)(1)(A). ECF No. 53. The Superseding Indictment therefore cautioned Mr. Nunez that he was charged with violating 18 U.S.C. § 924(c)(1)(A). Section 924(c)(1)(A) lists different mandatory minimum sentences based on the defendant's firearm-related conduct. The lowest mandatory minimum is five years: for possessing a firearm during and in relation to any crime of violence or drug trafficking crime, *id.* § 924(c)(1)(A)(i). The mandatory minimum then increases depending on whether the firearm was brandished (7 years), *id.* § 924(c)(1)(A)(ii)), or discharged (10 years), *id.* § 924(c)(1)(A)(iii). The Superseding Indictment alleged facts consistent with a violation of subsection (c)(1)(A)(i)[1]: the five-year mandatory minimum offense.

Count 3's necessary § 924(c)(1)(A)(i) elements were also set forth in the Plea Agreement:

> (1) On October 6, 2011, the Defendant committed the crime of Possession with Intent to Distribute a Controlled Substance; and
> (2) The Defendant knowingly possessed the following firearm: a Glock semi-automatic pistol, Model 22, serial number DAW053US; and

---

[1] Count 3 alleges:

> On or about October 6, 2011, in Yakima County, in the Eastern District of Washington, the defendant, JUAN JOSE NUNEZ, knowingly possessed a firearm, to wit: . . . , in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States, . . . , in violation of Title 18, United States Code, Section 924(c)(1)(A).

ECF No. 53.

ORDER - 5

        (3) The Defendant possessed the firearm in furtherance of the crime of Possession with Intent to Distribute a Controlled Substance.

ECF No. 79 ¶ 5. The Plea Agreement's Factual Basis and Statement of Facts contained facts supporting these three elements. *Id.* ¶ 6. And the Plea Agreement identified the punishment for Count 3 as "a term of imprisonment of not less than 5 years and no more than life . . . ." *Id.* at 1.

    Accordingly, not only did the Superseding Indictment and Plea Agreement advise Mr. Nunez of the Count 3 charge and its necessary elements, but the Plea Agreement identified the correct mandatory-minimum that applies to that offense. Therefore, prior to pleading guilty to Count 3, Mr. Nunez was advised 1) he was being charged with violating 18 U.S.C. § 924(c)(1)(A), 2) of the necessary elements for a § 924(c)(1)(A)(i) conviction, 3) that a § 924(c)(1)(A)(i) conviction carried with it a five-year-mandatory minimum sentence, and 4) that he was giving up his right to have a jury find the elements of this offense by pleading guilty to Count 3, *see* ECF No. 79 ¶ 4. The record conclusively shows that Mr. Nunez is not entitled to § 2255 relief under *Alleyne*.[2]

---

[2] Because the record is clear, the Court need not analyze whether *Alleyne* applies retroactively. However, the Circuits that analyzed this issue have ruled *Alleyne* does not apply retroactively on collateral review. *See United States v. Redd*, --- F.3d ----, 2013 WL 5911428 (2d Cir. Nov. 3, 2013); *United States v. Stewart*, No. 13-6775, 2013 WL 5397401 (4th Cir. Sept. 27,

ORDER - 6

**D.     Conclusion**

For the above-given reasons, **IT IS HEREBY ORDERED**:

1. Mr. Nunez's Motion to Vacate, Set Aside, or Correct a Sentence Pursuant to 28 U.S.C. § 2255, **ECF No. 106**, is **DENIED**.

2. Mr. Nunez's Motion Requesting Order for Appointment of Representation Pursuant to 18 U.S.C. § 3006(a)(2)(b), **ECF No. 107**, is **DENIED AS MOOT**.

3. This file shall be **CLOSED**.

4. The Court certifies any appeal of this dismissal would not be taken in good faith.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to Mr. Nunez and counsel.

**DATED** this   22nd   day of November 2013.

s/ Edward F. Shea<br>
EDWARD F. SHEA<br>
Senior United States District Judge

---

2013); *Simpson v. United States*, 721 F.3d 875, 876 (7th Cir. 2013); *In re Payne*, 733 F.3d 1027 (10th Cir. 2013).

Q:\EFS\Criminal\2011\2131.habeas.deny.lc1.docx

ORDER - 7