FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Dec 02, 2021

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br>JUAN JOSE NUNEZ,<br><br>　　　　　　　Defendant. | No. 2:11-CR-02131-EFS-1<br><br>ORDER DENYING MOTION TO REOPEN DETENTION HEARING<br><br>**ECF No. 173** |

On November 29, 2021, the Court conducted a hearing on Defendant's Motion for Reconsideration, ECF No. 173, which the Court construes as Motion to Reopen Detention. Defendant was represented by Bevan Maxey. Assistant United States Attorney Patrick Cashman represented the United States.

Defendant previously waived his right to a detention hearing. ECF No. 165. The Court therefore treats the matter as an initial detention determination in this supervised release matter.

"[Federal Rule of Criminal Procedure] 32.1(a)(6) governs release pending a hearing on a violation of probation or supervised release." Fed. R. Crim. P. 46(d).

ORDER DENYING MOTION TO REOPEN DETENTION HEARING - 1

Under that Rule, the Court may release or detain a defendant pursuant to 18 U.S.C. § 3143(a) pending further proceedings. Fed. R. Crim. P. 32.1(a)(6). Defendant bears the burden of establishing by clear and convincing evidence that Defendant is not a risk of flight or a danger to any other person or the community. *Id.*; *see also* 18 U.S.C. § 3143(a).

The Court has considered the allegations in the Supervised Release Violation Petition and the proffers of the parties. The United States alleges Defendant violated his release conditions by 1) committing a new Federal crime, conspiracy to distribute 50 grams or more of methamphetamine, for which Defendant has been indicted, Case No. 2:21-cr-00147-TOR-1, and 2) by possessing methamphetamine. The United States proffers that evidence, including surveillance footage, connects Defendant to a "stash house" at which a raid was conducted and 4.75 pounds of methamphetamine and multiple firearms were discovered, including pistols and rifles. The Court has concerns about danger to the community when firearms are present in connection with controlled substances.

The Court also has serious concerns because Defendant was a participant in the Sobriety, Treatment, and Education Program (STEP) when the new criminal charge arose. STEP participants are subject to intense supervision and the allegation of new criminal conduct while on such intense supervision leaves the

1  Court with no confidence that conditions of release will be an effective tool to
2  prevent similar future conduct.
3      Defendant seeks release to inpatient treatment rather than release to the
4  community. However, the Court finds that inpatient treatment is an insufficient
5  condition to address the danger to the community. The Court notes that at the time
6  of the alleged offense and while in STEP, Defendant was subject to drug testing
7  twice a week and tested negative during the majority of those tests. Thus, the
8  Court does not find cause to attribute the concern about dangerousness to drug use.
9      The Court concludes Defendant has not met Defendant's burden of
10 establishing by clear and convincing evidence that Defendant is not a flight risk or
11 danger to the community and, accordingly, denies Defendant's request for release
12 pending the revocation hearing.
13     A revocation hearing was previously set before **Judge Edward F. Shea in**
14 **Spokane, Washington, on Wednesday, March 09, 2022 at 1:15 PM.**
15     **IT IS ORDERED:**
16     1.    Defendant's Motion for Reconsideration, ECF No. 173, which the
17 Court construes as Motion to Reopen Detention, is **DENIED**.
18     2.    Defendant shall be committed to the custody of the Attorney General
19 pending disposition of this case or until further order of the Court. Defendant shall
20 be afforded reasonable opportunity for private consultation with counsel. On order

ORDER DENYING MOTION TO REOPEN DETENTION HEARING - 3

of a court of the United States or on request of an attorney for the United States, the person in charge of the corrections facility in which Defendant is confined shall deliver Defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

    3.    If a party desires this Court to reconsider conditions of release because of material and newly discovered circumstances under 18 U.S.C. § 3142(f), that party shall file a motion with the Court, served upon the United States Attorney, stating what circumstances are new, how they are established, and the requested change in conditions of release.

    4.    If Defendant seeks review of this Order pursuant to 18 U.S.C. § 3145(b), counsel shall adhere to the Detention Order Review Protocol found in LCrR 46(k).

DATED December 2, 2021.

s/<i>Mary K. Dimke</i><br>
MARY K. DIMKE<br>
UNITED STATES MAGISTRATE JUDGE

ORDER DENYING MOTION TO REOPEN DETENTION HEARING - 4